UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

JULIE COLLINS,

                    Plaintiff,

   - against -

CRAFT WORLDWIDE/MCCANN ERICKSON/
INTERPUBLIC GROUP,

                  Defendants.

------------------------------------------------------------ x

Civil Action No.

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

13 CV 8612 (NRB)

JUDGE BUCHWALD

## I.   INTRODUCTORY STATEMENT

1.    Plaintiff Julie Collins ("Plaintiff"), a female American citizen, fifty-two years of age, seeks redress for discrimination on account of sex and age, suffered by her in violation of the Constitution and laws of the United States in her capacity as an employee of Defendants Craft Worldwide, McCann Erickson and Interpublic Group ("Defendants").

## II. JURISDICTION AND VENUE

2.    This action is brought and jurisdiction lies pursuant to 28 U.S.C. §§1331 and 1343, this being a suit based upon the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 *et seq*. and the Civil Act Rights Act of 1991 ("Title VII"), and the provisions of Sections 7(b), (c) and (d) of the Age Discrimination In Employment Act of 1967 ("ADEA"), 29 U.S.C. §621 *et seq*. In addition, pursuant to 28 U.S.C. §1367(a), Plaintiff invokes the Court's supplemental jurisdiction as to pendent New York State claims arising under the New

York State Human Rights Law ("NYSHRL"), N.Y. Executive Law, Article 15, §290 *et seq.,* and

pendent New York City claims arising under the New York City Human Rights Law, Title 8 of

the Administrative Code of the City of New York, §8-10 *et seq.*, as amended by the Local Civil

Rights Restoration Act of 2005 ("NYCHRL").

3.    Venue is proper in this district because Plaintiff resides here, Defendant does

business here and because Plaintiff rendered services here.

4.    On or about June 12, 2013, Plaintiff filed a complaint with the Equal Employment

Opportunity Commission ("EEOC"), alleging discrimination based upon sex and age, and on or

about October 30, 2013, the EEOC issued Plaintiff a Notice of Right to Sue.

### III. **PARTIES**

5.    Plaintiff Julie Collins is a Caucasian female American citizen, fifty-two years of age,

residing at 25 Jackson Road, Briarcliff, New York 10510.

6.    Upon information and belief, Defendants are either domestic corporations or foreign

corporations having substantial contacts with the State of New York, which corporations own

and operate advertising agencies in the City of New York and elsewhere, with a principal place

of business located at 622 Third Avenue, 23rd Floor, New York, New York 10017.

### IV. FACTS

7.    Plaintiff was born on March 25, 1961.

8.    Defendants McCann Erickson and Craft Worldwide are advertising agencies and

divisions of Interpublic Group.

9.    Plaintiff was employed by Defendants as a Producer from May 2002 until her

termination on April 24, 2013.

10.     Plaintiff always performed her duties satisfactorily with care and success.

11.     For most of Plaintiff's tenure at Defendants, she worked in the "Post Op" group, most recently under the supervision of Philip Ohler, until January 1, 2013, when that group became Craft Worldwide, which resulted in the transfer of her position from the auspices of McCann New York to those of McCann World Group.

12.     On or about February 2013, Shay Fu became the Supervisor of Craft Worldwide.

13.     In April 2013, Ms. Fu engineered a purported "restructuring" of McCann Erickson's Craft New York office, the avowed purpose of which was to reduce the size thereof by terminating the employment of one Editor and two Producers, one of whom was Plaintiff.  At the time, Plaintiff was 52 years old and the only female in the twelve person group.

14.     In fact, the "restructuring" was a sham, as demonstrated by the fact that immediately upon the termination of the three persons identified in paragraph 13 above, Ms. Fu hired two replacement Producers, both male and approximately in their thirties.

15.     Although Mr. Ohler advised Plaintiff that the Producer position had been eliminated, in reality all that transpired was a change in title, leaving the duties of the Producer essentially unchanged.

16.     Plaintiff was never consulted about any possible changes in the duties of the Producer position, which she was certainly capable of performing.

17.     The so-called restructuring actually accomplished nothing more than the elimination of a 52-year-old female employee and the replacement of her with a male employee,

approximately 15 years her junior.

18.    Defendants' stated reason for discharging Plaintiff is false and a pretext to discriminate against Plaintiff based upon her sex and age.

19.    Plaintiff has been denied equal terms, conditions and privileges of employment by reason of her age and sex.

20.    On or about October 30, 2013, the EEOC issued Plaintiff a Notice of Right to Sue, and Plaintiff thereafter commenced the within action.

21.    The act of Defendants of discharging Plaintiff in violation of Title VII, the ADEA, the NYSHRL and the NYCHRL has caused Plaintiff to be permanently and irreparably harmed, and damaged and cost her wages, bonuses, savings benefits, insurance coverage, profit-sharing and pension benefits, among other losses, as a result of the illegal discrimination.

## V. <u>FIRST CLAIM FOR RELIEF</u>

22.    Plaintiff herewith realleges and incorporates by reference paragraphs "1" through "21" of this Complaint.

23.    As a result of the willfully discriminatory actions of Defendants in discharging her based on her sex, Plaintiff has been deprived of employment opportunities and her civil rights in violation of the Title VII.

## VI. <u>SECOND CLAIM FOR RELIEF</u>

24.    Plaintiff herewith realleges and incorporates by reference paragraphs "1" through "23" of this Complaint.

25.    As a result of the willfully discriminatory actions of Defendants in discharging her

based on her age, Plaintiff has been deprived of employment opportunities and her civil rights in violation of the ADEA.

## VII.  **THIRD CLAIM FOR RELIEF**

26.     Plaintiff herewith realleges and incorporates by reference paragraphs "1" through "25" of this Complaint.

27.     As a result of the willfully discriminatory actions of Defendants in discharging her based on her sex, Plaintiff has been deprived of employment opportunities and her civil rights in violation of the NYSHRL.

## VIII.  **FOURTH CLAIM FOR RELIEF**

28.     Plaintiff herewith realleges and incorporates by reference paragraphs "1" through "27" of this Complaint.

29.     As a result of the willfully discriminatory actions of Defendants in discharging her based on her age, Plaintiff has been deprived of employment opportunities and her civil rights in violation of the NYSHRL.

## IX.  **FIFTH CLAIM FOR RELIEF**

30.     Plaintiff herewith realleges and incorporates by reference paragraphs "1" through "29" of this Complaint.

31.     As a result of the willfully discriminatory actions of Defendants in discharging her based on her sex, Plaintiff has been deprived of employment opportunities and her civil rights in violation of the NYCHRL.

## X.  SIXTH CLAIM FOR RELIEF

32.     Plaintiff herewith realleges and incorporates by reference paragraphs "1" through "31" of this Complaint.

33.     As a result of the willfully discriminatory actions of Defendants in discharging her based on her age, Plaintiff has been deprived of employment opportunities and her civil rights in violation of the NYCHRL.

## XI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

A.  Pursuant to the FIRST CLAIM FOR RELIEF against Defendants:

1.     That the Court find and declare that Plaintiff has suffered from acts of discrimination at the hands of Defendants, their agents, servants and employees;

2.     That Plaintiff be awarded the back pay she would have earned had she not been discharged, together with related monetary benefits and other compensatory damages resulting from Defendants' intentional, willful and malicious conduct, including, but not limited to, damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses;

3.     That Defendants pay Plaintiff compensatory damages for pain and suffering, mental anguish, humiliation, and emotional distress incurred as a result of Defendants' unlawful conduct.

4.     That Plaintiff be awarded punitive damages for Defendants' willful malice toward and/or reckless disregard of Plaintiff's rights under Title VII;

5.      That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein, including reinstatement and/or front pay; and

6.      That Defendants pay pre-judgment and post-judgment interest and Plaintiff's costs of this suit, together with reasonable attorneys' fees.

B.  Pursuant to the SECOND CLAIM FOR RELIEF against Defendants:

7.      That the Court find and declare that Plaintiff has suffered from acts of discrimination at the hands of Defendants, their agents, servants and employees;

8.      That Plaintiff be awarded the back pay she would have earned had she not been discharged, together with related monetary benefits and other compensatory damages resulting from Defendants' intentional, willful and malicious conduct, including, but not limited to, damages for future pecuniary loss, emotional loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses;

9.      That Plaintiff be awarded liquidated damages for Defendants' willful malice toward and/or reckless disregard of Plaintiff's rights under the ADEA;

10.      That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein, including reinstatement and/or front pay; and

11.      That Defendants pay pre-judgment and post-judgment interest and Plaintiff's costs of this suit, together with reasonable attorneys' fees.

C.  Pursuant to the THIRD CLAIM FOR RELIEF against Defendants:

12.     That the Court find and declare that Plaintiff has suffered from acts of discrimination at the hands of Defendants, their agents, servants and employees;

13.     That Plaintiff be awarded the back pay she would have earned had she not been discharged, together with related monetary benefits and other compensatory damages resulting from Defendants' intentional, willful and malicious conduct, including, but not limited to, damages for future pecuniary loss, emotional loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses;

14.     That Defendants pay Plaintiff compensatory damages for pain and suffering, mental anguish, humiliation, and emotional distress incurred as a result of Defendants' willful and malicious violation of the NYSHRL;

15.     That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein, including front pay; and

16.     That Defendants pay pre-judgment and post-judgment interest and Plaintiff's costs of this suit, together with reasonable attorney's fees.

D.  Pursuant to the FOURTH CLAIM FOR RELIEF against Defendants:

17.     That the Court find and declare that Plaintiff has suffered from acts of discrimination at the hands of Defendants, their agents, servants and employees;

18.     That Plaintiff be awarded the back pay she would have earned had she not been discharged, together with related monetary benefits and other compensatory damages resulting from Defendants' intentional, willful and malicious conduct, including, but not limited to,

damages for future pecuniary loss, emotional loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses;

19.     That Defendants pay Plaintiff compensatory damages for pain and suffering mental anguish, humiliation, and emotional distress incurred as a result of Defendants' willful and malicious violation of the NYSHRL.

20.     That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein, including front pay; and

21.     That Defendants pay pre-judgment and post-judgment interest and Plaintiff's costs of this suit, together with reasonable attorneys' fees.

E. Pursuant to the FIFTH CLAIM FOR RELIEF against Defendants:

22.     That the Court find and declare that plaintiff has suffered from acts of discrimination at the hands of Defendant, its agents, servants and employees;

23.     That Plaintiff be awarded the back pay she would have earned had she not been discharged, together with related monetary benefits and other compensatory damages resulting from Defendants' intentional, willful and malicious conduct, including, but not limited to, damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses;

24.     That Defendants pay Plaintiff compensatory damages for pain and suffering, mental anguish, humiliation and emotional distress incurred as a result of Defendants' unlawful conduct;

25.     That Plaintiff be awarded punitive damages for Defendants' willful malice toward and/or reckless disregard of Plaintiff's rights under the NYCHRL.

27.     That the Court order such further relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein, including reinstatement and/or front pay; and

28.     That Defendants pay pre-judgment and post-judgment interest and Plaintiff's costs of this suit, together with reasonable attorneys' fees.

F. Pursuant to the SIXTH CLAIM FOR RELIEF against Defendants:

29.     That the Court find and declare that Plaintiff has suffered from acts of discrimination at the hands of Defendants, their agents, servants and employees;

30.     That Plaintiff be awarded the back pay she would have earned had she not been discharged, together with related monetary benefits and other compensatory damages resulting from Defendants' intentional, willful and malicious conduct, including, but not limited to, damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses;

31.     That Defendants pay Plaintiff compensatory damages for pain and suffering, mental anguish, humiliation and emotional distress incurred as a result of Defendants' unlawful conduct;

32.     That Plaintiff be awarded punitive damages for Defendants' willful malice toward and/or reckless disregard of Plaintiff's rights under the NYCHRL.

33.     That the Court order such further relief as it deems appropriate and necessary to

correct the conditions of discrimination complained of herein, including reinstatement and/or front pay; and

34.    That Defendants pay pre-judgment and post-judgment interest and Plaintiff's costs of this suit, together with reasonable attorneys' fees.

### XI1.  <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury.

Dated: White Plains, New York
      December 2, 2013

BERNBACH LAW FIRM PLLC

By: _____
JEFFREY M. BERNBACH (JB-5131)
Attorneys for Plaintiff
106 Corporate Park Drive, Suite 207
White Plains, New York 10604
(914) 253-9002

11

```
Court Name: District Court
Division: 7
Receipt Number: 465487887322
Cashier ID: Sjames
Transaction Date: 12/04/2013
Payer Name: JEFFREY BERNBACH

CIVIL FILING FEE
  For: JEFFREY BERNBACH
  Amount:        $400.00
----------------------------------
CREDIT CARD
  Amt Tendered: $400.00
----------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:       $0.00

13CV8612 NRB MHD
```